## McLEOD v. COUNTY COMMISSION.
No. 60 L 4423.

Circuit Court, Dade County.

January 5, 1961.

Walters, Moore & Costanzo, Miami, for petitioner.

Darrey A. Davis, County Attorney, for respondents.

HAROLD R. VANN, Circuit Judge.

This mandamus proceeding presents for judicial determination a controversy concerning the construction, interpretation and meaning of controlling provisions of the home rule charter adopted on May 21, 1957, by the electors of Dade County pursuant to article VIII, section 11 of the Florida constitution. No factual issues are involved. The facts are undisputed.

Section 8.07 of the home rule charter governing amendments to the charter provides that the board of county commissioners shall call an election for the purpose of submitting proposed charter amendments to the electors after the board "receives a petition certified in the manner required by initiatory petition for an ordinance".

Section 7.01 governing the procedure for initiatory petitions provides — "The person proposing the exercise of this power shall submit the proposal to the Board which shall without delay approve as to form a petition for circulation in one or several copies as the proposer may desire".

County Commissioner John B. McLeod on December 13, 1960, submitted to the board of county commissioners a proposed initiatory petition calling for an election on the question whether the home rule charter shall be repealed, and a proposed initiatory petition calling for an election on certain amendments to the charter. Such petitions were approved as to form and legal sufficiency by the county attorney. The board considered the two petitions submitted and deferred action thereon until December 20, 1960, when the petitions were approved as modified by adding thereto respectively the following language — "This Petition is to abolish Metro" and "This is not a petition to abolish Metro".

The petitioner contends that the charter provisions requiring the board to approve the form of initiatory petitions impose upon the board the performance of a purely ministerial duty, and that the board was without lawful authority to make any changes in the form of the petitions submitted by petitioner. The board contends that it has reasonable discretion in approving the form of such initiatory petitions.

The board in adding language to the petitions submitted by the petitioner exceeded its authority, and the petitioner is entitled to an appropriate writ of mandamus compelling the board to approve the form of the two petitions submitted on December 13, 1960.

96

It is thereupon ordered and adjudged that the alternative writ of mandamus is hereby found to be sufficient in law and the respondents' return thereto is found and determined to be insufficient as a defense to said alternative writ of mandamus, and that the commands of said alternative writ of mandamus should be made peremptory; that a peremptory writ of mandamus be issued requiring the respondent board of county commissioners to rescind resolutions numbered 6109 and 6110 adopted December 20, 1960, and to approve by appropriate resolutions the form of the two initiatory petitions submitted on December 13, 1960, by the petitioner.